## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOSEPH DRAGO,

       Petitioner,

v.                            CASE NO: 8:13-CV-2269-T-30AEP

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
and FLORIDA PAROLE
COMMISSION,

       Respondents.

_____/

# ORDER

THIS CAUSE comes before the Court upon Joseph Drago's *pro se* Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). The Court has considered the Petition (Dkt. #1), the Petitioner's Memorandums of Law (Dkts. #9, 16), the Florida Parole Commission's Response (Dkt. #22), the Florida Department of Corrections' Response (Dkt. #23), and the Petitioner's Reply (Dkt. #26), and concludes the Petition should be denied.

### Background

Drago was convicted of robbery and sentenced to a maximum term of 30 years as a habitual offender. His sentence began on the 23rd of October 1991 and he received a credit of 280 days, resulting in an original maximum sentence expiration date of January 8, 2021.

Drago was released from the Florida Department of Corrections' custody on 1 October 2009 by order of the Florida Parole Commission under the terms of Conditional Release Supervision until his maximum sentence expiration date. The terms of his release required him to serve his sentence in its entirety, either in prison or under supervision. If his supervision were revoked, his gain time was subject to forfeiture.[1]

Drago violated the terms of his release by absconding from supervision, returning positive drug tests for marijuana and cocaine, and resisting the Pinellas County Sherriff's Office in the execution of its duties. A warrant was issued for his arrest and he was given the opportunity to contest the violation before the Florida Parole Commission. The Petitioner admitted to the violations and waived his right to a hearing. The Commission revoked Drago's release, forfeited his gain-time, and denied him a credit for his time on Conditional Release. This denial of credit resulted in the addition of 334 days, the amount of time Drago was out of the Department's custody on Conditional Release Supervision, to his original maximum sentence expiration date. Drago's adjusted maximum sentence expiration date is now December 8, 2021.

Drago filed a petition labeled "Habeas Corpus" with the First District Court of Appeal which transferred it to the Second Circuit. The Second Circuit deemed it a non-habeas action and issued an order to show cause to the Florida Parole Commission. The Florida Parole Commission filed a response and the Second Circuit issued an Order

---

[1] "If any such supervision on any nonprobationary or noncommunity control sentence is revoked, such revocation may result in a forfeiture of all gain-time, and the commission may revoke the resulting deferred conditional release supervision or take other action it considers appropriate." Fla. Stat. § 947.1405; Fla. Stat. Ann. § 944.28.

Denying Petition for Writ of Mandamus. Drago then filed a petition for writ of certiorari with the First District Court of Appeal which denied it on the merits without a written opinion. *Drago v. Florida Parole Comm'n*, 118 So. 3d 809 (Fla. 1st DCA 2013).

Now, Drago has filed this § 2254 petition for habeas relief (Dkt. #1) raising the following grounds:

1. "The F.P.C. denied U.S. Const. Due Process, 5 & 14 Amends. denying credit for time spent on Conditional Release because it causes him to serve sentence in excess of statutory max & sentence imposed by court."

2. "The F.P.C. deprived him of Liberty under U.S. Const. Due Process Amends. 5 & 14, via denial of credit for time spent on conditional release, without notice of denial, prior to the denial."

3. "The F.P.C. deprived him of Liberty under U.S. Const. Due Process, Amends. 5 & 14, via denial of credit for time spent on Conditional Release, without subject matter jurisdiction."

4. "The FLA. D.O.C. deprived him of liberty under U.S. Const. Due Process, Amend. 5 & 14, via extension of his Maximum Sentence Expiration Date (M.S.E.D.) based on F.P.C. denial of credit for time on Conditional Release because it causes him to serve sentence in excess of both statutory max. & sentence imposed by Court."

5. "The FLA. D.O.C. deprived him of Liberty under U.S. Const. Due Process, Amends. 5 & 14, via extension of his M.S.E.D. because it causes him to serve sentence in excess of statutory max. & sentence imposed by court, i.e. without notice before extension."

6.  "The FLA. D.O.C. deprived him of liberty under U.S. Const. Due Process, Amends. 5 & 14, via extension of his M.S.E.D., without subject matter jurisdiction."

7.  "The State of Florida deprived him of Liberty under U.S. Const. Due Process, Amends. 5 & 14, via imposition of a vindictive sentence for not accepting the courts plea offer, and exercising his U.S. Const. 5 & 6 Amend. Rights to not plead guilty and trial by jury."

8.  "The State of Florida deprived him of liberty under U.S. Const. Due Process, Amends. 5 & 14, via knowing use of perjured testimony."

9.  "The State of Florida deprived him of his liberty under U.S. Const. Due Process, Amends. 5 & 14, via no hearing on his Rule 3.850 claims."

10.  "The state of Florida deprived him of his liberty in violation of the U.S. Const. Due Process and/or Separation of Powers implicitly under Due Process, Amend. 5 & 14, via arbitrary state action in F.P.C. denial of credit for time spent on Conditional Release and D.O.C. extension of his M.S.E.D."

11.  "The State violated U.S. Const. Due Process, Fundamental Fairness, Amends. 5 & 14, via denial of habeas petition, case #91-962, seeking belated Rule 3.850 filing procedure based on underlying Rule 3.850 claims without a hearing."

12.  "The State violated U.S. Const. Rights, Fair Trial & Due Process, Amends. 6 & 14 via exclusion of black people from the jury by its challenges, peremptory and/or cause."

4

**Period of Limitation**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) has a one-year limitation period which applies to all claims for habeas relief for which it governs. 28 U.S.C.A. § 2244(d).  Claims 7, 8, 9, 11, and 12 of Drago's Petition contest the validity of his original conviction which occurred in 1991.  The Petitioner directly appealed his conviction, filed a motion for post-conviction relief in state court, and appealed the denial of his motion for post-conviction relief to the Second District Court of Appeal.  Assuming the facts in Drago's Petition to be accurate, the mandate from the appeal of his state post-conviction relief motion issued from the Second District Court of Appeal on September 22, 1995.  He asserts that he has not previously filed a federal habeas petition with regards to his original conviction and the next motion he filed with the state was not until March 2, 2005.

AEDPA was enacted on April 24, 1996.  The one-year limitation period begins to run from that date for any prisoner whose conviction had previously become final.  *Pace v. DiGuglielmo*, 544 U.S. 408, 423 (2005).  This leaves approximately nine years that passed un-tolled from the enactment of AEDPA until the Petitioner filed a motion with the state.  The result is that Claims 7, 8, 9, 11 and 12 are time-barred and not cognizable before this Court.  Petitioner's remaining claims are founded in a factual predicate that occurred at a much later time, when his Conditional Release was revoked.  These claims are timely and will be addressed accordingly.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) has established a highly deferential standard for reviewing state court judgments. *Parker v. Sec'y for Dep't of Corr.,* 331 F.3d 764, 768 (11th Cir. 2003). The statute states in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)

The United States Supreme Court has explained that a state court's decision is "contrary to" clearly established Federal law if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003). This highly deferential standard is difficult to meet. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (U.S. 2011). When reviewing factual determinations, the state court is presumed to be correct and the applicant has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**Discussion**

The Petitioner's claims for relief are repetitive and overlapping. The Court has attempted to isolate the issues present in the Petitioner's claims in order for them to be more clearly addressed:

- Claims 1, 2, 3, 4, and 10 argue that the Petitioner's right to due process was violated by the Florida Probation Commission's denial of credit for the time spent on Conditional Release because it caused him to serve a sentence in excess of his statutory maximum and the sentence imposed by the court.

- Claims 2 and 5 argue the Petitioner was denied due process by not being given notice of the denial of credit for time he spent on Conditional Release.

- Claim 3 and 6 argue the Petitioner's right to due process was denied by the Florida Parole Commission and the Department of Corrections operating without subject matter jurisdiction.

- Claim 10 argues the State of Florida infringed on the Petitioner's constitutional rights by violating separation of powers principles in not having existing laws that expressly provide for a denial of credit for time spent on conditional release.

**Denial of Credit for Time Spent on Conditional Release**

Drago complains that his right to due process was violated by the Florida Parole Commission denying him credit for his time spent on Conditional Release as it will cause him to serve a sentence greater than the sentence imposed by the Court. The Eleventh Circuit has squarely addressed this issue. *Rodriguez v. Florida Parole Comm'n*, 430 F. App'x 768 (11th Cir. 2011). It is not a violation of due process for the Florida Parole

Commission to deny credit for those who violate the terms of Florida's Conditional Release Program, even if that causes the prisoner to serve a sentence beyond the maximum sentence as established at the time of imposition. *Id.* at 770. This claim for relief is therefore denied.

### Notice and Subject Matter Jurisdiction

Drago argues that he was not given notice that he would be denied credit for the time he spent on conditional release because there is not a law that expressly provides for this occurrence. Similarly, he argues that Florida has not statutorily granted the Florida Parole Commission subject matter jurisdiction to decide that he should not receive credit for his time spent on conditional release. However, there is no question that the Petitioner received and waived an opportunity for a hearing to contest whether he violated the terms of his Conditional Release. Civ. Dkt. #22, Exhibit D.

As a matter of state law, the Florida Supreme Court has previously addressed the powers Florida has granted to the Florida Parole Commission. *Gay v. Singletary*, 700 So. 2d 1220 (Fla. 1997). It held that Florida Statute § 947 grants the Parole Commission broad authority in administering the Control Release program and provides the Commission with the authority to either grant or deny credit for time spent under supervision when it determines that a violation has occurred. *Id.* at 1223. Therefore, the denial of credit for time served on conditional release is supportable under state law, and this claim for relief will be denied.

### Separation of Powers

Drago argues that his right to due process has been violated by the State of Florida's failure to abide by separation of powers principles. The proper basis for habeas relief is

limited to violations of the Constitution, laws, or treaties of the United States.  28 U.S.C. §

2254.  The Eleventh Circuit Court of Appeals has stated that "the provisions of the federal

constitution which delineate the powers of the three branches of the federal government

have no application to the balance of powers in Florida's system of government, which is

established in the state constitution.  *Pacheco v. Dugger*, 850 F.2d 1493, 1494 (11th Cir.

1988).  The Petitioner is asking this Court to enforce a state-created right, but that is not

the purpose of the federal writ of habeas corpus.  *Cabberiza v. Moore*, 217 F.3d 1329, 1333

(11th Cir. 2000).  In summary, this claim does not present a legitimate basis for habeas

relief.

It is therefore ORDERED AND ADJUDGED that:

1.      Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254

(Dkt. #1) is DENIED.

2.      The Clerk is to enter judgment for the Respondents, terminate any pending

motions, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
### IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of

appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to

appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district

court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only

if the applicant has made a substantial showing of the denial of a constitutional right." Id.

at §2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida on this 29th day of January, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2013\13-cv-2269 deny 2254 Drago.docx