**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSEPH DRAGO,

    Petitioner,

v.                                   CASE NO. 8:13-CV-2269-T-30AEP

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
and FLORIDA PAROLE
COMMISSION,

    Respondents.
_____/

**ORDER**

Before the Court is Petitioner's motion entitled "Alter, Amend, or Relief from Judgment," which states that it is filed under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)(1) (Dkt. 29). Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), a motion to add an additional claim (Dkt. 8), a memorandum of law in support of his petition (Dkt. 9), and a motion to amend, in which Petitioner added two additional claims (Dkt. 16). Responses were filed by Respondent Florida Parole Commission (Dkt. 22) and Respondent Florida Department of Corrections (Dkt. 23). Petitioner filed a reply (Dkt. 26). On January 29, 2014, the Court entered an order denying the habeas petition and denying a certificate of appealability (Dkt. 27).

The instant motion was dated February 25, 2014 (see Dkt. 29, p. 10). Petitioner asserts that this motion is filed under Rule 59(e), Fed. R. Civ. P., or Rule 60(b)(1), Fed. R. Civ. P. Rule 59(e) authorizes a motion to alter or amend a judgment; a motion under this subsection must be filed no later than twenty-eight days after entry of the judgment. Petitioner's motion is timely under Rule 59(e) and the Court will consider it under that Rule.

Claim I of Petitioner's motion concerns the Court's denial of Grounds 7, 8, 9, 11, and 12 of his § 2254 petition as untimely under 28 U.S.C. § 2244(d). The Court concluded these claims were untimely because they concerned Petitioner's 1991 conviction. The order stated that Petitioner had one year from the Antiterrorism and Effective Death Penalty Act's effective date of April 24, 1996, to pursue federal habeas relief from this conviction, but that Petitioner did not do so and did not file a motion in state court until approximately nine years later (see Dkt. 27 at p. 5). Petitioner argues that the Court raised the issue of the claims' timeliness on its own without allowing him an opportunity to explain why the claims were timely, contrary to *Day v. McDonough*, 547 U.S. 198 (2006).

*Day* provides that while a district court may consider, *sua sponte*, the timeliness of a habeas petition, the court "must accord the parties fair notice and an opportunity to present their positions." *Id*. at 210. The record reflects that neither Respondent addressed Grounds 7, 8, 9, 11, and 12 or raised concerns with the petition's timeliness in its response (Dkts. 22, 23). Petitioner was not directed to respond as to the timeliness of these claims. Therefore, Petitioner is now permitted to respond, within thirty (30) days of date of this order, as to why

Grounds 7, 8, 9, 11, and 12 of his habeas petition should not have been considered untimely under 28 U.S.C. § 2244(d) and denied on that basis.

The Court notes that Petitioner filed a notice of appeal (Dkt. 30), which was dated the same day as this motion, February 25, 2014. Filing his notice of appeal contemporaneously to this Rule 59(e) motion does not divest the district court of jurisdiction to hear Petitioner's Rule 59(e) motion. *See* Fed. R. App. P. 4(a)(4)(B)(I). Additionally, Petitioner filed three other claims for relief in his Rule 59(e) motion, which the Court will hold in abeyance until Petitioner responds in accordance with this order or until the time for him to do so has expired.

It is therefore **ORDERED** that Petitioner shall have thirty (30) days from the date of this order to respond as to why Grounds 7, 8, 9, 11, and 12 of his habeas petition should not have been considered untimely under 28 U.S.C. § 2244(d) and denied on that basis.

**DONE** and **ORDERED** in Tampa, Florida on March 31, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

ML:sa